UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNION INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:09-mc-3-DFH-WGH |
| | ) |
| DELTA CASKET COMPANY, INC., | ) |
| *et alia,* | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on the following motions:

(1) Aurora Casket Company, Inc.'s and Jerry Reichert's Motion to Quash Subpoenas filed May 5, 2009. (Docket No. 13). Plaintiff's Response in Opposition was filed May 20, 2009. (Docket No. 14). The movants' Reply in Support was filed June 1, 2009. (Docket No. 19).

(2) Aurora Casket Company, Inc.'s Motion to Reconsider Order Granting Motion to Compel filed May 26 2009. (Docket No. 18). Plaintiff's Response in Opposition was filed June 3, 2009. (Docket No. 20). The movant's Reply in Support was filed June 4, 2009. (Docket No. 21).

The Magistrate Judge, being duly advised, now **GRANTS** the Motion to Quash Subpoenas and **GRANTS** the Motion to Reconsider Order Granting Motion to Compel for the following reasons:

1. In a case that is pending in the Western District of Tennessee, the Plaintiff, Union Insurance Company (hereinafter "Union"), has brought an action

against certain entities which for convenience sake we will refer to as the "Delta Companies" and their principals William W. Grubbs, Jr., and Gerald Kilpatrick. In this Tennessee lawsuit, Union alleges that it provided insurance coverage to the Delta Companies in a Texas lawsuit under a reservation of rights. Union now seeks a declaratory judgment that it does not owe a duty to further defend or indemnify the Delta Companies in the Texas lawsuit, and it seeks to recover from the defendants and their principals the amounts it spent defending the claims in the Texas litigation.

Union's Tennessee declaratory judgment action was filed in February 2006. More than three years later, and just prior to a July 2009 trial date in the Western District of Tennessee, Union has filed a motion for leave to amend its Complaint to add a claim for successor liability against an entity known as "DELTAurora LLC" (hereinafter "DELTAurora"). DELTAurora was not insured by Union and did not receive any of the insurance proceeds paid out by Union. DELTAurora purchased certain assets from one of the Delta Companies in 2005, and Union contends in its proposed amended complaint that that asset sale makes DELTAurora liable to Union. The district court in which the underlying action is pending has not granted leave for this amendment, and that district court's deadline for adding new parties to the underlying lawsuit passed in August 2006.

Union has now served subpoenas on non-parties Jerry Reichert, Chief Operating Officer of Aurora Casket Company, and upon Aurora Casket

Company.[1]  The subject matters listed on the subpoenas involve ten categories of information and require Reichert and Aurora to provide information known to those entities regarding DELTAurora's purchase of the business assets from the Delta Companies in May 2005.  The first nine of the subject matter categories can all be fairly said to involve information regarding the purchase of the business assets and business operations in May 2005 and have nothing to do with information known about the underlying civil action involving the Delta Companies and the York Group for which Union provided coverage.[2]

The Magistrate Judge concludes that the subpoenas as issued in categories one through nine seek only information related to Union's proposed claim against DELTAurora for successor liability.  The Magistrate Judge is unable to discern how items in categories one through nine can have any relevancy to the claims as they currently exist before the court in the Western District of Tennessee.

Federal Rule of Civil Procedure 26 limits the permissible scope of discovery to evidence that is relevant to any party's claim or defense.  As the Advisory Committee notes to the 2000 amendments to Rule 26 suggest, parties do not have entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.  To the extent that Union wishes to assert

---

[1] Even if the Tennessee court grants leave to amend the Complaint, these entities will be non-parties.

[2] Category ten describes a suit filed in the Western District of Kentucky.  It is not clear to the Magistrate Judge how this suit is related to the Texas or Tennessee suits otherwise described in this Order.

successor liability on behalf of DELTAurora (or Aurora Casket itself), Union will be able to pursue discovery on its successor liability theory in due course, if leave is granted to amend the Complaint.

The Magistrate Judge, therefore, **GRANTS** Aurora Casket Company, Inc.'s and Jerry Reichert's Motion to Quash Subpoenas (Docket No. 13). Aurora Casket Company's Motion to Reconsider Order Granting Motion to Compel (Docket No. 18) is also **GRANTED.**

**SO ORDERED.**

**Dated:** June 26, 2009

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Copies to:**

Molly Glover
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN PLLC
molly.glover@leitnerfirm.com

Robert F. Miller
FARRIS BOBANGO BRANAN PLC
One Commerce Square, Suite 2000
40 South Main Street
Memphis , TN 38103

Gene Forrest Price
FROST BROWN & TODD
gprice@fbtlaw.com